This is a criminal appeal from the Trumbull County Court, Central District. Appellant, Michael A. Mihas, appeals from the trial court's judgment entry finding him guilty of improperly driving left of the center line, in violation of R.C. 4511.29.
On July 12, 1997, at approximately 3:00 p.m., appellant was involved in an automobile accident on McCleary-Jacoby Road in Bazetta Township, Trumbull County, Ohio. Just prior to the accident, appellant was following two automobiles. When both automobiles ahead of appellant reduced their speed, appellant also attempted to slow his vehicle, but his vehicle began to "slide." Appellant admitted at trial that in order to prevent from sliding into the back of the automobile immediately in front of him, he moved his vehicle into the left lane, going left of center, and attempted to pass both automobiles ahead. The automobile ("the first automobile") that was two vehicles ahead of appellant, then made a left turn to enter a driveway. Appellant, while in the passing lane, attempted to stop, but collided with the left side door of the first automobile as it was turning into the driveway.
At trial, appellant admitted that he could not see the first automobile's left taillight, but claimed that he could see the right turn signal engaged on the right taillight. Appellant also admitted that he drove left of center in order to avoid an accident, due to driving at a speed, which precluded him from effectively stopping in his lane.
On March 25, 1998, a trial was held in this matter. At the outset of the proceedings, appellee, the State of Ohio, moved to dismiss a charge against appellant for failure to file automobile registration due to its inability to provide the court with a certified copy of appellant's Bureau of Motor Vehicles record, which was granted. Also, appellant changed his plea to "no contest" in regard to the speeding ticket issued to him by the Ohio State Highway Patrol. The trial court entered a finding of guilty on that citation. On that same date, the trial court found appellant guilty on the charge of speeding and imposed a fine of $44 plus costs. On the charge of driving left of center, in violation of R.C. 4511.29, the trial court found appellant guilty and imposed a fine of $15 plus costs, with the fine of $15 suspended.[1]
On April 1, 1998, appellant timely filed a notice of appeal. Appellant now asserts the following assignment of error:
 "The judgment of the trial court finding appellant guilty of the traffic offense charged was against the manifest weight of the evidence."
Appellant contends that in viewing the evidence in a light most favorable to appellee, a rational factfinder could not have found that all the elements of the offense of driving left of center were proven beyond a reasonable doubt. In advancing his argument, appellant claims that he did not violate R.C.4511.29 because when he moved his vehicle left of the center of the roadway, the left side of the road was clearly visible, and there was no oncoming traffic for a sufficient distance ahead to prevent him from completely overtaking the traffic in his lane without interfering with the safe operation of any oncoming traffic or the traffic overtaken. Appellant further claims that the accident occurred only due to the unsafe operation of the automobile that he collided with as he attempted to pass.
At the outset, we note that although appellant states in his assignment of error that the judgment of the trial court was against the "manifest weight" of the evidence, the actual areuments advanced attack the sufficiency of the evidence. The dichotomy of "manifest weight" and "sufficiency" is effectively discussed in State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 10-11:
 " 'Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while 'manifest weight' contests the believability of the evidence presented.
 " ' "(* * *) (T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raiqes a question of law, the resolution of which does not allow the court to weigh the evidence. * * *" '
 "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence 'in a light most favorable to the prosecution,' * * * '(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
 "On the other hand, 'manifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 " 'In determining whether the verdict was against the manifest weight of the evidence, "(* * *) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)" ' * * *" (Citations omitted and emphasis sic.)
In light of the discussion presented in Schlee, appellant is clearly focusing his appeal on the issue of whether there was sufficient evidence, rather than on manifest weight, because his proffered arguments center upon whether a rational factfinder could have found that all of the essential elements of the offense of driving left of center were proven beyond a reasonable doubt. Therefore, this court will address appellant's assignment of error as challenging the sufficiency of the evidence.
The term "reasonable doubt" is defined in R.C. 2901.05(D), which states:
 " 'Reasonable doubt' is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs."
The offense of driving left of center is defined in R.C.4511.29:
 "No vehicle or trackless trolley shall be driven to the left of the center of the roadway in overtaking and passing traffic proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made, without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken. In every event the overtaking vehicle or trackless trolley must return to an authorized lane of travel as soon as practicable and in the event the passing movement involves the use of a lane authorized for traffic approaching from the opposite direction, before coming within two hundred feet of any approaching vehicle."
An analysis of the language of R.C. 4511.29 reveals that the phrase, "without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken," is disjunctive. (Emphasis added.) Thus, assuming all other elements of the statute are properly complied with, a violation of this provision will still exist if the vehicle driven left of the center of the roadway interferes with either the safe operation of the traffic approaching from the opposite direction or the safe operation of the traffic being overtaken.
The evidence produced at trial reveals that appellant left his lane, moving to the left of the center line and into a lane for oncoming traffic, only as a result of forcing his car into a "slide" that would have caused him to hit the vehicle immediately to his front had he not changed lanes. The facts show that the two cars in front of appellant slowed their vehicles in a manner which appellant, himself, admitted at trial as being proper. Further, the evidence reveals that when appellant guided his sliding vehicle into the oncoming traffic lane and attempted to pass the two automobiles ahead of him, he at no time was able to see the left tail light of the first automobile, which he hit as it began to turn into a driveway. However, appellant contended that he saw the right turn signal engaged on the vehicle that he crashed into, but no other proof of this was presented during the trial.
A violation of R.C. 4511.29 will result when an operator drives to the left of the center line and interferes with the safe operation of any traffic overtaken. In the case subjudice, appellant drove his automobile to the left of the center line and crashed into the driver's side of a vehicle that was making a turn into a driveway. Thus, by applying the rule of law articulated in Schlee, there was sufficient evidence for the trial court to find appellant guilty of violating R.C. 4511.29 beyond a reasonable doubt. Therefore, appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is without merit. Therefore, the judgment of the Trumbull County Court, Central District, is affirmed.
 ------------------------------ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
[1] This court determined that the trial court's entry, in which the court imposed a fine of $15 plus costs, with the fine of $15 suspended, did not comport with the requirements necessary for a formal, final judgment entry. Therefore, on January 27, 1999, this court remanded this matter to the trial court for a period of ten days for the sole purpose of entering a nunc protunc judgment entry that complies with the criteria for a final judgment entry. On February 1, 1999, the trial court filed an appropriate nunc pro tunc judgment entry.